UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR, a/k/a Diw Kir, <br><br> Petitioner, <br><br> vs. <br><br> DAREN YOUNG; MARTY JACKLEY, the Attorney General of the State of South Dakota, <br><br> Respondents. | 4:18-CV-04096-KES <br><br><br> ORDER FOR CLARIFICATION |

This matter is before the court on the *pro se* 28 U.S.C. § 2254 habeas petition of Diw Bol Kiir, a state prisoner. See Docket No. 1. The court seeks clarification as to how Mr. Kiir wishes the court to proceed.

Following a direct appeal, Mr. Kiir filed a habeas petition in South Dakota state court raising seven issues of ineffective assistance of trial and appellate counsel. See Docket No. 9-1. While that state habeas petition was pending, Mr. Kiir filed the instant § 2254 petition in this court, raising a confrontation clause issue **not** contained in his state court habeas petition. The confrontation clause issue is, however, exhausted, because Mr. Kiir raised the issue in his direct appeal. See State v. Kiir, 900 N.W.2d 290, 295 (S.D. 2017). This court can, if Mr. Kiir wishes, rule on the merits of his confrontation clause issue.

If the court rules on the merits of Mr. Kiir's present § 2254 claim, then he may be prohibited from later bringing his ineffective assistance of counsel claims to this court. That is because Mr. Kiir's subsequent § 2254 petition containing the ineffective assistance claims would be a second or successive petition, requiring the permission of the Eighth Circuit Court of Appeals before it would be allowed to be filed. See 28 U.S.C. § 2244. Respondents explained this potential consequence in their motion to dismiss. See Docket No. 9 at 10.

If Mr. Kiir voluntarily dismisses his confrontation clause claim before this court rules on it on the merits, he can later file it along with his ineffective assistance claims once they are exhausted. Burton v. Stewart, 549 U.S. 147, 155 (2007); Slack v. McDaniel, 529 U.S. 473, 487 (2000). If Mr. Kiir does this, his later petition containing all of his claims will be treated just like any other first petition under § 2254. Slack, 529 U.S. at 487.

After receiving respondents' motion to dismiss explaining the above, Mr. Kiir first filed a motion to amend his federal complaint to bring *all* of his claims in this petition, including the currently unexhausted ineffective assistance of counsel claims. See Docket No. 10. Thereafter, however, Mr. Kiir made a motion to voluntarily dismiss, explaining that he now understood he "was to bring all of my claims exhausted at one time." See Docket No. 11.

The district court interpreted Mr. Kiir's motion to dismiss to be a motion to dismiss *only* the unexhausted state claims involving ineffective assistance of counsel. See Docket No. 12. Therefore, the district court dismissed the

unexhausted claims, but retained Mr. Kiir's exhausted confrontation clause claim.  Id.

But ruling on Mr. Kiir's confrontation clause claim on the merits may have real adverse effects on his ability to later raise his ineffective assistance claims in this court.  Therefore, the court seeks clarification from Mr. Kiir.  It is hereby

ORDERED that on or before December 28, 2018, Mr. Kiir shall inform the court whether he wishes the court to rule on the merits of his confrontation clause claim which is exhausted and is properly before the court (OPTION ONE),

OR

Whether Mr. Kiir wishes to voluntarily dismiss his confrontation clause claim without prejudice (pursuant to his motion at Docket No. 11) even though it is exhausted so that he may later bring all his claims in one federal petition and thereby escape the application of the second or successive rule from applying to his ineffective assistance claims (OPTION TWO).

If Mr. Kiir fails to provide clarification on how he wishes to proceed, this court will consider his confrontation clause claim on the merits and issue an opinion accordingly.

DATED December 12, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge