UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DIW BOL KIIR,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>DAREN YOUNG, MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>　　　　　　　Respondents. | 4:18-CV-04096-KES<br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on the 28 U.S.C. § 2254 *pro se* habeas petition of Diw Bol Kiir, pursuant to a judgment of conviction of a South Dakota state court.  See Docket No. 1.  Respondents move to dismiss Mr. Kiir's petition with prejudice and without holding an evidentiary hearing.  See Docket No. 8.  This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

The facts pertinent to Mr. Kiir's habeas petition are as follows.  He was convicted at a jury trial in South Dakota state court of two counts of simple assault against law enforcement (counts 2 & 3 of the indictment), possession of a controlled substance (count 5), possession of a controlled substance while armed (count 6), simple assault against law enforcement while armed (count 7),

possession of a firearm with an altered serial number (count 8), possession of a firearm by a person with one prior drug conviction (count 9), and grand theft (count 10). He was sentenced to 2 years' imprisonment on count 2, four years' imprisonment on counts 5 & 9, and 3 years' imprisonment on count 10, all to run concurrently. He was also sentenced to 10 years' imprisonment on count 6, with 3 years suspended, to run consecutive to the other sentences.

Mr. Kiir appealed his conviction and sentence to the South Dakota Supreme Court raising four issues: (1) whether his Sixth Amendment confrontation rights had been violated through the admission of certain hearsay statements, and (2)-(4) whether the evidence was sufficient to support the verdicts against him on counts 5, 6, and 7. State v. Kiir, 900 N.W.2d 290, 295 (S.D. 2017). The court affirmed Mr. Kiir's conviction and sentence on all issues. Id. at 299.

Thereafter, Mr. Kiir filed a habeas petition in South Dakota state court on December 29, 2017. See Docket No. 9-1. In that state petition, Mr. Kiir raised the following issues: (1) trial counsel was ineffective for failing to request that the jury be instructed on lesser included offenses, (2) trial counsel was ineffective for failing to move to dismiss the defective indictment, (3) trial counsel was ineffective for failing to object to the court's proposed jury instructions, (4) trial counsel was ineffective for failing to move for a judgment of acquittal, (5) trial counsel was ineffective for failing to move *in limine* to prevent argument or evidence that Mr. Kiir had committed the assaults with which he was charged, (6) appellate counsel was ineffective for failing to raise

the above claims of ineffective assistance of trial counsel on appeal, and

(7) appellate counsel was ineffective for failing to raise on appeal the trial court's denial of Mr. Kiir's motion to sever the trial on count 9 from the remaining counts of the indictment. Id. at pp. 2-5.

Mr. Kiir's state habeas petition remains pending before the state courts. No decision has been rendered on that petition as of the writing of this opinion.

## PROCEDURAL HISTORY IN FEDERAL COURT

While that state habeas petition was pending, Mr. Kiir filed the instant § 2254 petition in this court, raising a confrontation clause issue **not** contained in his state court habeas petition. The confrontation clause issue is exhausted, because Mr. Kiir raised the issue in his direct appeal.[1] See State v. Kiir, 900 N.W.2d 290, 295 (S.D. 2017) (issued raised on direct appeal); Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992) (a state prisoner properly exhausts if he raises the issue in his direct appeal).

Respondent filed a motion to dismiss explaining that Mr. Kiir's confrontation clause issue was properly before the court and argued that the claim should be dismissed on the merits. See Docket No. 8. Respondent also explained to Mr. Kiir in the motion that if he proceeded and obtained a ruling

---

[1] This court, upon screening Mr. Kiir's § 2254 petition, issued an order to show cause why his petition should not be dismissed as unexhausted. That is because this court did not at that time have Mr. Kiir's state habeas petition before it and it was obvious there was a state habeas petition still pending in state court. Once respondent supplied all the facts concerning state court proceedings, the court understood the confrontation clause claim was not part of the pending state habeas proceedings and had earlier been exhausted in the direct appeal.

from the court on the merits of his confrontation clause claim in his § 2254 petition, then he may be prohibited from later bringing his ineffective assistance of counsel claims to this court. That is because Mr. Kiir's subsequent § 2254 petition containing the ineffective assistance claims would be a second or successive petition, requiring the permission of the Eighth Circuit Court of Appeals before it would be allowed to be filed. See 28 U.S.C. § 2244. Respondent explained this potential consequence to Mr. Kiir in his motion to dismiss. See Docket No. 9 at 10.

After receiving respondents' motion to dismiss explaining the above, Mr. Kiir first filed a motion to amend his federal complaint to bring *all* of his claims in this § 2254 petition, including the currently unexhausted ineffective assistance of counsel claims. See Docket No. 10. Thereafter, however, Mr. Kiir made a motion to voluntarily dismiss, explaining that he now understood he "was to bring all of my claims exhausted at one time." See Docket No. 11.

The district court interpreted Mr. Kiir's motion to voluntarily dismiss to be a motion to dismiss *only* the unexhausted state claims involving ineffective assistance of counsel. See Docket No. 12. Therefore, the district court dismissed the unexhausted claims, but retained Mr. Kiir's exhausted confrontation clause claim. Id. It then fell to this court to evaluate respondent's motion to dismiss and recommend a disposition.

However, the court had misgivings about what Mr. Kiir may really have intended. Therefore, the court issued an order requesting clarification from Mr. Kiir. See Docket No. 14. The court explained it could rule on the merits of

4

Mr. Kiir's confrontation clause claim, but that doing so may prevent him from later bringing his ineffective assistance of counsel claims before this court once those claims are exhausted in state court.  Id.  The court further explained if Mr. Kiir voluntarily dismissed his confrontation clause claim before this court rules on it on the merits, he can later file it again along with his ineffective assistance claims once they are exhausted.  Id. (citing Burton v. Stewart, 549 U.S. 147, 155 (2007); Slack v. McDaniel, 529 U.S. 473, 487 (2000)).  The court explained if Mr. Kiir does this, his later petition containing all of his claims will be treated just like any other first petition under § 2254.  Id. (citing Slack, 529 U.S. at 487).

Mr. Kiir filed a response to this court's request for clarification.  See Docket No. 15.  Mr. Kiir indicates he wishes to voluntarily dismiss without prejudice his current § 2254 petition so that later he can bring *all* of his claims in a first petition and receive consideration on the merits of those claims.  Id.

## CONCLUSION

Based on the foregoing facts, law, and analysis, this court recommends that Mr. Kiir's motion to dismiss [Docket No. 11] by Mr. Kiir be revisited by the district court in light of Mr. Kiir's later clarification [Docket No. 15] and that the court grant voluntary dismissal of Mr. Kiir's entire § 2254 petition without prejudice to his ability to bring that claim later once he has finished exhausting his ineffective assistance of counsel claims.

The court further recommends that respondent's motion to dismiss [Docket No. 8] be denied as moot.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 21, 2018.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge